**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**AMERICAN ALTERNATIVE INSURANCE
CORPORATION,**

        **Plaintiff,**

**vs.**                                    **No. 1:16-cv-00214**

**ROTHSTEIN, DONATELLI, HUGHES,
DAHLSTROM, SCHOENBURG &
BIENVENU, LLP, AND APRIL OLSON,**

                                            **JURY DEMANDED**

        **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff American Alternative Insurance Corporation, by and through its attorneys, Allen, Shepherd, Lewis & Syra, P.A., for its Complaint for Declaratory Judgment, hereby demands a trial by jury and states and alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff American Alternative Insurance Corporation ("AAIC") is not a New Mexico citizen since it is not incorporated in New Mexico and does not maintain its headquarters in New Mexico. AAIC is incorporated in Delaware and has its principal place of business, its main executive office, in New Jersey.

2.      Defendant Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP, (the "Rothstein Firm") is a New Mexico limited liability partnership with its principal place of business in New Mexico.

3.      The Rothstein Firm is a law firm. Two of its offices and most of its attorneys are in New Mexico. It also has one office and some attorneys in Arizona.

4.      Defendant April Olson ("Olson") is a resident and citizen of Arizona.

5.      Ms. Olson is an attorney employed by the Rothstein Firm.

6.      AAIC issued a claims-made Lawyers Professional Liability Policy, policy no. 5LA2PL0000426 (the "Policy") to the Rothstein Firm.

7.      The Policy was a New Mexico insurance contract since it was issued to the Rothstein Firm in New Mexico.

8.      The Rothstein Firm and Ms. Olson requested coverage under the Policy for a lawsuit filed against them by Jennifer Turner in the United States District Court, District of Nevada, No. 2:15-cv-01172 (the "Turner lawsuit").

9.      In general terms, the Complaint for the Turner lawsuit alleges that Ms. Olson defamed Ms. Turner and that the Rothstein Firm is liable under the doctrine of respondeat superior.  That Complaint is attached hereto as "Exhibit A".

10.     Ms. Turner seeks more than $75,000 from the Rothstein Firm and Ms. Olson. (*See* Ex. A, at 1, ¶ 1.)

11.     AAIC agreed to defend the Rothstein Firm and Ms. Olson under a reservation of rights.

12.     AAIC assigned defense counsel to defend the Rothstein Firm and Ms. Olson in the Turner lawsuit under a reservation of rights.  The anticipated cost of their defense exceeds $75,000 if the Turner lawsuit is pursued through trial.

13.     The Rothstein Firm and Ms. Olson also retained their own counsel to assist in their defense, and they have asserted that AAIC must pay for the counsel that they selected.  The attorneys' fees and costs from this second set of defense attorneys in the Turner lawsuit will also likely exceed $75,000 if the Turner lawsuit is pursued through trial.

14.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 since Plaintiff is not a citizen of the same state as any Defendant, and the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

15.     Venue is proper in this District.

16.     This Court has general jurisdiction over the Rothstein Firm.  The Rothstein Firm has two offices and most of its attorneys in New Mexico and operates regularly in New Mexico. The Rothstein Firm was organized under the laws of the State of New Mexico.

17.     This Court has specific jurisdiction over the Rothstein Firm.  Upon information and belief, New Mexico is the location where the Rothstein Firm made the misrepresentations in the insurance application.  In addition, the Rothstein Firm seeks coverage under the Policy, a New Mexico insurance contract.

18.     This Court has general jurisdiction over Ms. Olson.  At all relevant times, she was employed by a New Mexico company.  When the insurance application was submitted, she was an associate attorney employed by a New Mexico law firm.  She attended college in New Mexico.  Upon information and belief, she would have had other significant contact with New Mexico.  She is now a partner in the Rothstein Firm, a New Mexico limited liability partnership.

19.     The Court has specific jurisdiction over Ms. Olson.  Upon information and belief, she made a misrepresentation to one of the Rothstein Firm's partners in New Mexico who included her misrepresentation in the insurance application in New Mexico.  In addition, Ms. Olson seeks coverage under the Policy, a New Mexico insurance contract.

## GENERAL ALLEGATIONS

20.     Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 19 herein.

21.     The Rothstein Firm and Ms. Olson were retained to represent Hwal'bay Ba:j Enterprises, Inc., dba Grand Canyon Resort Corporation ("GCRC") which is an economic enterprise owned by the Hualapi Tribe to continue an employment investigation that resulted in the suspension of GCRC Chief Executive Officer Jennifer Turner.

22.     During the course of the investigation, Ms. Olson sent letters to potential witnesses requesting their interviews and identifying Ms. Turner as one of the subjects of the investigation.

23.     Jennifer Turner was represented by William Crockett.

24.     Mr. Crockett sent Ms. Olson a letter dated November 26, 2014 and attached hereto as "Exhibit B". Mr. Crockett letter alleges that Ms. Olson's letters defamed Ms. Turner. His letter concludes, "Please be advised that we intend to hold you, your law firm, and all others acting in concert with you, or who republish your libel, responsible in damages. Govern your actions accordingly."

25.     In November or December 2014, Ms. Olson received, read and acknowledged receipt of Mr. Crockett's November 26, 2014 letter.

26.     In December 2014, Mr. Crockett sent and Ms. Olson received the letter dated December 10, 2014 that is attached hereto as "Exhibit C". Mr. Crockett also sent and Ms. Olson also received the letter dated January 16, 2015 and attached hereto as "Exhibit D". These letters placed Ms. Olson and the Rothstein Firm on notice that Ms. Turner still claimed that she had been defamed during the investigation.

27.     On April 3, 2015, Ms. Olson signed a declaration addressed to the Personnel Committee of the Grand Canyon resort Corporation. That declaration recounts parts of the investigation. Paragraph 7 of Ms. Olson's declaration quotes part of Mr. Crockett's letter from

November 26, 2014 and then Ms. Olson's declaration states, "The letter alleged that such language was libel."

28.     Ms. Olson attached as exhibits to her declaration dated April 3, 2015 various documents including Mr. Crockett's letters that are attached hereto as Exhibits B, C and D.

29.     The threat to sue Ms. Olson and the Rothstein Firm for libel placed them on notice of the potential for a lawsuit that was later filed by Ms. Turner, i.e., the Turner lawsuit.

30.     In April 2015, Ms. Olson and the Rothstein Firm were aware of the allegations of libel and Ms. Turner's threat to sue them for damages as a result of the alleged libel.

31.     Ms. Turner's pre-litigation averments that she had been libeled, slandered, defamed, disparaged or otherwise wronged or damaged by Ms. Olson and/or the Rothstein Firm, including her threats to sue Ms. Olson and the Rothstein Firm for damages and including Mr. Turner's arguments and claims in Mr. Crockett's letters are referred to hereinafter as the "Turner pre-litigation claim".

32.     Ms. Olson's declaration was signed only three days before the Rothstein Firm's insurance application was signed.

33.     However, on April 6, 2015 the Rothstein Firm submitted an insurance application that failed to disclose the Turner pre-litigation claim, affirmatively and by omission misrepresenting the claims, potential claims, threatened lawsuits and circumstances that could have given rise to claims against the Rothstein Firm and its attorneys.  This initial insurance application is attached hereto with its relevant exhibits as "Exhibit E".

34.     On April 24, 2015, the Rothstein Firm submitted a warranty letter that became part of the insurance application.  The warranty letter failed to disclose the Turner pre-litigation claim, affirmatively and by omission misrepresenting the claims, potential claims, threatened

lawsuits and circumstances that could have given rise to claims against the Rothstein Firm and its attorneys. This warranty letter is attached hereto as "Exhibit F".

35.     On June 19, 2015, Ms. Turner, with William Crockett as her attorney, filed the Complaint (Ex. A) against Jennifer Turner and the Rothstein Firm, generally alleging libel against Ms. Olson and generally alleging that the Rothstein Firm was responsible for Ms. Olson's alleged libel under the doctrine of respondeat superior.

36.     The Turner lawsuit is based on the same general allegations and asserts the same general claims as the Turner pre-litigation claim.

37.     The Rothstein Firm and Ms. Olson demanded that AAIC provide them coverage for the Turner lawsuit.

38.     AAIC agreed to defend Ms. Olson and the Rothstein Firm under a reservation of rights.

39.     On March 22, 2016, AAIC voided the Policy based on misrepresentations in the insurance application and tendered the premium to the Rothstein Firm.

40.     AAIC continues to defend the Rothstein Firm and Ms. Olson in the Turner lawsuit until they decline the defense or this Court declares that AAIC does not owe a duty to defend them based on AAIC's election to void the Policy or, alternatively, based on the policy provisions.

## COUNT I – REQUEST FOR DECLARATORY RELIEF REGARDING THE VOIDED POLICY

41.     Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 40 herein.

42.     The Rothstein Firm's insurance application for the Policy included material misrepresentations, including the following:

      a.      The Representations section of the insurance policy states in part, "I/We specifically asked all lawyers in our firm if they have knowledge of any claim, potential claim, disciplinary matter or circumstance that may rise to a claim against us that is not listed in our response to Questions 7(V) & Question 8 A & B (VII). All lawyers have responded 'No'." A partner in the Rothstein Firm initialed this representation.

      b.      Question 8 of Section VI., the answer to Question 8 and the Supplemental Claim Information following or a part of Question 8 state in part,

> 8. After inquiry, are any attorneys in your firm aware:
> If you answer either question 'Yes,' please complete the 'Supplemental Claim Form'.
> a. of any professional liability, claims made claim made against them in the past five years? . . . . . . [X] Yes   [  ] No
> b. of any legal work or incidents that might be expected to lead to a claim or suit against them? . . . . . . . [  ] Yes [X] No
> *If Yes, indicate total number of claims.   1  .
> SUPPLEMENTAL CLAIM INFORMATION (from question 8)
> If within the last five years you have been involved in any malpractice claim or suit, or are aware of an incident which may give rise to a claim, please complete the form below for each claim or incident. . . .

The insurance application then described a different claim against the Rothstein Firm. The only disclosed claim was a 2010 claim for malpractice that arose out of a family law matter. The only disclosed claim did not involve Jennifer Turner, April Olson or the Turner pre-litigation claim.

      c.      The Professional Liability Supplement Application – Claim Information attachment to the Rothstein Firm's insurance application states in part,

> Instructions:
> 1. This form is to be completed by an Application or Insured who has been involved in any claim or suit or is aware of an incident, which may give rise to a claim.

. . .

The Professional Liability Supplement Application – Claim Information attachment then described the same 2010 malpractice claim that had been disclosed in response to Question 8.  This attachment did not disclose the Turner pre-litigation claim.  A partner of the Rothstein Firm signed the Professional Liability Supplement Application – Claim Information attachment.

d.      The initial insurance application omitted any reference to Ms. Turner's allegation of libel against Ms. Olson and the Rothstein Firm, the threatened lawsuit and the Turner pre-litigation claim.  The application should have disclosed this information.  In addition to the above affirmative misrepresentations in the initial application, the insurance application contained this misrepresentation by omission.

e.      In a warranty letter, one of the Rothstein Firm attorneys stated on behalf of the Rothstein Firm in relevant part, "I have specifically asked all lawyers and employees if they have any knowledge of any claim, potential claim, disciplinary matter, investigation or circumstance that may give rise to a claim that is not listed in our application dated 04/06/2015.  All lawyers and employees have answered no. . . . I understand and agree that this letter is a part of our policy application and becomes a part of the policy."

f.      The warranty letter, which is part of the insurance application, omitted any reference to Ms. Turner's allegation of libel against Ms. Olson and the Rothstein Firm, the threatened lawsuit and the Turner pre-litigation claim.  The warranty letter should have disclosed this information.  In addition to the above affirmative misrepresentation in the warranty letter, the warranty letter contained this misrepresentation by omission.

8

43.     Each of the above representations was false and untrue or, at least, incomplete, misleading and deceptive, whether made intentionally, negligently or innocently.

44.     The Rothstein Firm and Ms. Olson intended AAIC to rely on the insurance application, including each of the above misrepresentations.

45.     The Rothstein Firm and Ms. Olson were aware that AAIC would rely on the insurance application, including each of the above misrepresentations.

46.     AAIC did in fact rely to its detriment on the insurance application, including each of the above misrepresentations, in issuing the Policy, in calculating the premium to charge for the Policy and in not reporting the claim to the then-current insurance carrier for the Rothstein Firm and Ms. Olson.

47.     The Rothstein Firm and Ms. Olson made the above misrepresentations

    a.   Intentionally, knowingly or recklessly or,

    b.   alternatively, negligently and without reasonable grounds for believing the misrepresentations or,

    c.   alternatively, innocently.

48.     Insurance companies are entitled to void insurance policies for material misrepresentations in insurance applications regardless of whether the misrepresentations were made intentionally, negligently or innocently.

49.     If the insurance application had properly disclosed the Turner pre-litigation claim, AAIC would have charged a higher premium for the Policy, would have added a Known Circumstances Exclusion to the Policy, would have added a Specific Incident Exclusion to the Policy and would have reported the matter to the Rothstein Firm's previous insurance carrier.

50.     If the Turner pre-litigation claim had been reported to the Rothstein Firm's prior carrier, the Prior Knowledge exclusion in the Policy would have clearly precluded coverage. That exclusion provides in relevant part, "This policy does not apply to: . . .  B. Prior Knowledge.  Any CLAIM arising out of any WRONGFUL ACT occurring prior to the effective date of this policy if: 1. The matter had previously been reported to any insurance company . . . ."

51.     If the Turner pre-litigation claim had been reported to the Rothstein Firm's prior carrier, the Other Insurance provision could have been triggered if there were coverage under the Policy.  The Other Insurance provision provides,

> Except for those CLAIMS specifically excluded pursuant to the EXCLUSIONS section of this policy, if there is other insurance applicable to a CLAIM covered by this policy, this policy shall be deemed excess insurance over and above the applicable limits of liability of all such other insurance unless such other insurance is written only as specific excess insurance over the limits of liability provided in this policy.

If the Other Insurance provision were triggered, it would have substantially reduced if not altogether eliminated the defense costs that AAIC has incurred and continues to incur for the Turner lawsuit.

52.     If the Turner pre-litigation claim had been properly disclosed in the insurance application, AAIC would not have issued the same Policy, and the additional endorsements that would have been added to the Policy would have rendered the Policy a materially different insurance contract than the one that was actually issued.

53.     As a result of the misrepresentations in the insurance application, AAIC voided the Policy, notified the Rothstein Firm and Ms. Olson of the decision to void the Policy and returned the full insurance premium to the Rothstein Firm.

54.     AAIC seeks a declaratory judgment that the Policy was properly voided and that, as a result of the voided Policy, AAIC does not owe the Defendants a defense or indemnity for

the Turner lawsuit and the Defendants must reimburse AAIC for attorneys' fees, costs and expenses that AAIC incurred and continues to incur in defending them in the Turner litigation.

55.     The Rothstein Firm and Ms. Olson claim that they are entitled to a defense and insurance coverage for the Turner lawsuit.

56.     Based on the Plaintiff's voiding the Policy and Defendants' demands for coverage under the Policy, an actual controversy exists among the parties necessitating the declaratory judgment of this Court.

57.     Pursuant to 28 U.S.C. § 2201, this Court should declare the rights and relations of the parties with respect to whether the Policy was properly voided and the results of the voided Policy, including whether AAIC may withdraw from the defense in the Turner lawsuit and the amount of reimbursement that Defendants owe to AAIC.

## COUNT II – REQUEST FOR DECLARATORY JUDGMENT REGARDING CERTAIN POLICY PROVISIONS

58.     Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 57 herein.

59.     If the Policy remains in force, an actual controversy exists among the parties necessitating the declaratory judgment of this Court to resolve the issue of whether AAIC owes a defense to the Defendants in the Turner lawsuit based on the terms of the Policy.

60.     The Policy's Insuring Agreement provides in relevant part that the Policy

> shall pay on behalf of any INSURED all DAMAGES and related CLAIMS EXPENSES in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD . . . but only to the extent this policy applies to such CLAIMS or DAMAGES.

61.     The policy period for the Policy is May 16, 2015 through May 16, 2016.

62.     The Turner lawsuit does not satisfy the Insuring Agreement's requirement as a "claim first made against any insured during the policy period" since the Turner lawsuit is a continuation of the Turner pre-litigation claim that was made before the policy period began.

63.     The Policy's Prior Knowledge exclusion provides in relevant part,

> This policy does not apply to:
> . . .
> B.  Prior Knowledge.   Any CLAIM arising out of any WRONGFUL ACT occurring prior to the effective date of this policy, if:
> . . .
> 2.  if the INSURED at or before the effective date of this policy knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM.  However, this paragraph B.2 does not apply to any INSURED who had no knowledge of or could not have reasonably foreseen that any such WRONGFUL ACT might be expected to be the basis of a CLAIM.

64.     The Policy's effective date was May 16, 2015.

65.     The Policy defines a "claim" as "a demand made upon any INSURED for DAMAGES, including but not limited to service of suit . . . against any INSURED."

66.     The Policy defines a "wrongful act" to include "any actual or alleged . . . personal injury".  Libel and slander are included in the Policy's definition of "personal injury".  Thus, libel, whether actual or only alleged, is a "wrongful act" as defined by the Policy.

67.     Ms. Olson and the Rothstein Firm knew or could have reasonably foreseen prior to May 16, 2015 that Ms. Olson's alleged libel might be expected to be the basis of a claim.

68.     Ms. Olson and the Rothstein Firm knew or could have reasonably foreseen prior to May 16, 2015 that the Turner pre-litigation claim could have resulted in a lawsuit.

69.     The Prior Knowledge exclusion precludes a duty to defend and all coverage for the Turner lawsuit.

70.     The Policy's Prior And Pending Litigation Endorsement provides in relevant part,

> In consideration of the premium paid, it is hereby understood and agreed that the Company has no duty to defend or indemnify an INSURED for, and this policy does not apply to any CLAIM based upon or arising out of any:
> . . .
> b.  a demand, suit or proceeding pending, or order, decree, settlement or judgment entered against the NAMED INSURED as of 5/16/2015
> including any CLAIM alleging or derived from the same or essentially the same facts as alleged in such pending or prior litigation or demand.

71.     The Turner lawsuit alleges or derives from the same or essentially the same facts as alleged in the Turner pre-litigation claim.

72.     The demands in the Turner pre-litigation claim pre-dated the Policy's effective date.

73.     The Prior And Pending Litigation Endorsement precludes a duty to defend and all coverage for the Turner lawsuit.

74.     AAIC reserved all of its rights for the above-cited policy provisions as well as other policy provisions.

75.     Although these policy provisions preclude a duty to defend and all coverage, the Defendants have demanded a defense and coverage for the Turner lawsuit.

76.     AAIC seeks a declaratory judgment that AAIC does not owe the Defendants a defense or indemnity for the Turner lawsuit and that AAIC may withdraw from the defense in the Turner litigation.

77.     An actual controversy exists among the parties necessitating the declaratory judgment of this Court regarding whether AAIC owes Defendants a defense for the claims against the Defendants in the Turner lawsuit.

78.     Pursuant to 28 U.S.C. § 2201, this Court should declare the rights and relations of the parties with respect to whether AAIC owes the Defendants a defense in the Turner lawsuit or whether AAIC may withdraw that defense.

## COUNT III – REQUEST FOR DECLARATORY RELIEF
## REGARDING THE DEFENDANTS' CLAIM FOR *CUMIS* COUNSEL

79.     Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1 through 78 herein.

80.     If the Policy remains in force, an actual controversy exists among the parties necessitating the declaratory judgment of this Court to resolve the issue of who has the right to select the defense counsel for the Defendants in the Turner lawsuit.

81.     Section I.B.1. of the Policy provides in relevant part,

> With respect to such insurance afforded by this policy for DAMAGES and CLAIMS EXPENSES that are covered under this Policy, the Company shall:
> a. have the right and duty to defend, including selection of counsel and arbitrators, in any INSURED'S name and on any INSURED'S behalf any CLAIM for DAMAGES to which this policy applies, against any INSURED . . . .

82.     This policy provision authorizes AAIC to select the insurance defense counsel, and AAIC has the right to make that selection.

83.     Defendants claim that some policy provisions may affect AAIC's alleged duty to indemnify Defendants in the Turner lawsuit and that Defendants are, therefore, allegedly entitled to select their own defense counsel.

84.     AAIC recognizes Defendants' right to select their own defense counsel to assist in the defense in the Turner lawsuit at Defendants' cost, but Defendants claim that AAIC must pay for the defense counsel selected by Defendants for the Turner lawsuit.

85.     The Policy is a New Mexico insurance contract and is governed by New Mexico's insurance law.

86.     New Mexico's insurance law does not give Defendants the right to select their defense counsel for the Turner lawsuit at AAIC's expense.

87.     AAIC seeks a declaratory judgment that AAIC is not required to pay for the defense counsel selected by Defendants in the Turner lawsuit if AAIC owes them a defense in the Turner lawsuit.

88.     An actual controversy exists among the parties necessitating the declaratory judgment of this Court regarding whether Defendants may select and whether AAIC must pay for the defense counsel selected by Defendants in the Turner lawsuit if AAIC owes them a defense for the claims against the Defendants in the Turner lawsuit.

89.     Pursuant to 28 U.S.C. § 2201, this Court should declare the rights and relations of the parties with respect to who is entitled to select the defense counsel for Defendants in the Turner lawsuit and who must pay for the attorneys' fees and other defense costs incurred by such defense counsel.

## JURY DEMAND

AAIC hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Alternative Insurance Corporation respectfully prays this Court to enter its judgment, declaration and decree that

> a. The Policy was properly voided and that Defendants owe AAIC reimbursement for the fees and costs incurred by AAIC in defending them in the Turner lawsuit; and/or

b.  AAIC does not owe Defendants a defense in the Turner lawsuit based on the

policy terms and provisions; and/or

c.  AAIC is not required to pay for the defense counsel selected by Defendants in

the Turner lawsuit.

AAIC also prays for an award of costs incurred in bringing this Complaint and for such other and

further relief as this Court deems just and proper.

Respectfully Submitted,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

By: _____

Daniel W. Lewis/
Brant L. Lillywhite, Of Counsel
P.O. Box 94750
Albuquerque, NM 87199-4750
505-341-0110
dlewis@allenlawnm.com
blillywhite@allenlawnm.com